# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:06CR15

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Vs.                                                        ) | ORDER |
| ) | |
| GEORGE DAVIS HORNBUCKLE, SR.,   ) | |
| ) | |
| Defendant.                             ) | |
| _____   ) | |

THIS CAUSE coming on to be heard before the undersigned, pursuant to a motion filed in this matter entitled, "Joint Motion for New Plea/Rule 11 Hearing" (#12) which was filed on June 4, 2007. In the motion, the United States and the defendant jointly request that the court accept a revised plea agreement and schedule a new Rule 11 hearing in this matter.

**Facts:** On June 5, 2006 a four count bill of indictment was issued in this matter charging the defendant in counts one and three with violations of 18 U.S.C. § 2241(c). In counts two and four, the defendant was charged with violations of 18 U.S.C. § 2244(a)(1). Thereafter, a plea agreement was entered into between the Government and the defendant which was filed on August 9, 2006. In the plea agreement it was set forth that the defendant had agreed to enter a plea of guilty to count two as contained in the bill of indictment and that all other charges against the defendant contained in counts one, three and four would be dismissed. In examining the plea agreement, the undersigned discovered that the Government and the defendant had agreed that the punishment for the defendant would be

a term of imprisonment of no more than 2 years' and a fine not to exceed $250,000 and a term of supervised release of not in excess of one year. The undersigned examined U.S.C. § 2244(a)(1) and determined the correct maximum possible penalty for the defendant based upon the crime charged in the bill of indictment was in fact a term of imprisonment of not more than 10 years', a fine not to exceed the sum of $250,000, or both, and a term of supervised release of not more than 3 years'. On August 11, 2006 the defendant appeared before the undersigned and entered a plea of guilty to that offense. The court told the defendant that the maximum possible punishment was a term of imprisonment of not more that ten years and a fine not to exceed the sum of $250,000 or both. No objections were raised by any party at that time. In the joint motion filed by the Government and the defendant, the Government and the defendant have stated that count two as contained in the bill of indictment erroneously cited 18 U.S.C. § 2244(a)(1) and they further state that the actual conduct described in the bill of indictment "falls under the new subsection (a)(5)". An examination of 18 U.S.C. § 2244(a)(5) does provide for imprisonment "for any term of years or for life". The Government and the defendant have not filed a motion to amend the bill of indictment upon any grounds. The parties appear to be asking the court to allow the defendant to enter a plea of guilty to a crime for which he has not been charged.

**Discussion:** An indictment may not "be amended except by resubmission to the grand jury". Russell v USA, 369 U.S. 749 (1962). If an amendment occurs a conviction is reversible. However, an amendment to an indictment is not fatal in two circumstances. First, there is

no amendment when the change is "merely a matter of form" such as a correction for a typographical or clerical error or a misnomer, a formal change to the date specified in the indictment within limits, or an inconsistency amounting to a simple matter of semantics. Second, an indictment is not amended if, "all that has happened is that the evidence or the charges submitted to the trial jury wind up been simply a more limited version of the charges in the indictment. An indictment may be narrowed either constructively or in fact without resubmitting it to the grand jury." US v Bereano, 161 F.3d 3, (4th Cir. 1998) In the instance case, the Government has not moved to amend . Neither has the government filed a motion asked the court to correct a clerical error as provided by Rule 36 of the FRCP. FRCP 7 (c)(3) appears to provide for correction of a citation error but again a motion to do so with support brief and affidavit has not been filed. To allow the motion and to proceed with a new plea hearing with the case in the aforementioned posture could create error and as a result, the undersigned will deny the joint motion of the parties. The undersigned is of the opinion there are two alternatives that the parties could take in regard to this matter. One being a motion to amend the bill of indictment to reflect what is now contended to be the correct statute as provided by the FRCP 7(c)(3). The granting of such motion could result in further problems as it could be contended if the motion were allowed the indictment would be so altered as to charge a different offense from that found by the grand jury. United States v Krepper, 159 F.2d 958 (3rd Cir. 1946). Another route that the parties could take is for the Government to file a bill of information charging the defendant with the correct

offense and then, with the defendant's consent and waiver to proceeding by way of bill of indictment, that the defendant then enter his plea to the charged contained in the bill of information. The Government could then move to dismiss all charges against the defendant as contained in the bill of indictment, including the plea that has already been entered to count two of the bill of indictment as it was originally presented by the grand jury.

**ORDER**

WHEREFORE, IT IS **ORDERED** that the "Joint Motion for New Plea/Rule 11 Hearing" (#12) is hereby **DENIED** at this time.

Signed: June 6, 2007

Dennis L. Howell
United States Magistrate Judge